**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eli B Israel, | No. CV-26-01789-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Southwest Recovery Services LLC, | |
| Defendant. | |

Plaintiff Eli B. Israel filed this suit against Southwest Recovery Services LLC. (Doc. 1.) On May 1, 2026, an individual named JD Shade filed an answer allegedly on behalf of Southwest Recovery. (Doc. 8 at 6.) It appears JD Shade is not an attorney. "Corporations and other unincorporated associations," such as LLCs, "must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Southwest Recovery must obtain counsel if it wishes to defend this suit. The failure to obtain counsel may result in the entry of default judgment against Southwest Recovery.

The document filed by JD Shade claims the complaint should be dismissed due to an "agreed upon settlement with plaintiff." (Doc. 8 at 6.) JD Shade also included emails between Israel and another employee of Southwest Recovery. Some of those emails may reflect Israel agreed to a settlement on April 24, 2026. (Doc. 8 at 27-28.) To ensure there is an ongoing controversy between the parties, Israel must notify the court whether the parties have settled. If the parties have not settled, Southwest Recovery must retain counsel

and that counsel must respond to the complaint.

**IT IS ORDERED** no later than **May 20, 2026**, plaintiff shall file a statement indicating if the parties have settled this dispute.

**IT IS FURTHER ORDERED** if the parties have not settled this dispute, no later than **May 29, 2026**, defendant shall obtain counsel and that counsel shall respond to the complaint.

Dated this 7th day of May, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -